Aaron Bennett

Case # 11-253 "K"
USM # 32180-034
920 Poeyfarre Street
#220
New Orleans, Louisiana 71030
206-240-2044

May 11, 2016

ATTN: Honorable Stanwood Duval, Jr.
United States District Court
500 Camp Street
New Orleans, Louisiana 70130



RECEIVED
MAY 1 3 2016
CHAMBERS OF
U.S. DISTRICT JUDGE
STANWOOD R. DUVAL, JR.

Your Honor,

    I am writing you today at the suggestion of my probation officer.

1. Based on the payment plan language in the schedule of payments section of the Judgment where option B was selected not option A, and the language in section 3 of the special conditions of supervision. It was my interpretation that I had until the end of my probation period to pay this fine. This interpretation was supported by all of my interactions with all of the supervision staff. That is until my current supervisor declared that I was in violation of my probation. It is her interpretation that I should have paid this fine at the time of my sentencing. I could not have paid it then in any case. I had just paid for expensive attorneys and had been in jail for 7 months at the time of my sentencing. I would request clemency and ask that the fine be reduced or rescinded. I would ask your honor to consider that I forfeited the $10,000 involved in my bribery charge and that I have lost millions of dollars in income and lost opportunity due to my crime. The media coverage of this scandal has also taken a priceless toll on my reputation and relationships.

2. I would further ask your honor to consider that I spent 24 months in pre trial supervision which as you are aware has the same restrictions, supervision, drug testing etc. as the supervised release I have been under for the past 20 months. This is a current total of 44 months of supervised release. This is far in excess of the 36 months in your judgment. Please consider my request to end my supervised released and let me get back to rebuilding my life and returning to our community as a valued member.

AB

3. If you will not grant my request to end the supervised release. Would you consider removing some of the severe elements of my supervision? For example: I am in the business of liquor sales but I am not allowed to enter the casinos for business purposes. The travel restrictions also negatively impact my ability to earn sales commissions. If I could be allowed to travel to the states adjoining Louisiana. Texas and Mississippi especially this would directly help me do my job and earn more money. I am also required to appear twice a month for drug testing. I never know when this random call will come and it has required me to cancel and reschedule appointment. This make me look less reliable. Would you consider removing the casino restriction, expanding my travel area and removing the random drug testing?

Sincerely,

*Aaron Bennett*
Aaron Bennett
Case#11-253 "K"

Cc Nicole Eul, Probation Officer

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Louisiana

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL** |
| v. | ) | |
| AARON BENNETT | ) | Case Number:    11-253 "K" |
| SS Number: XXX-XX- 3861 | ) | USM Number:    32180-034 |
| | ) | David Courcelle |
| | | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    1 & 2 of the Bill of Information on October 14, 2011

☐ pleaded nolo contendere to count(s) _____
     which was accepted by the court.

☐ was found guilty on count(s) _____
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Count |
|---|---|---|
| 18 USC 371 | Conspiracy to commit bribery - Federal Funds | 1 |
| 18 USC 666(a)(2) | Bribery in connection with Program receiving Federal Funds | 2 |

     The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 12, 2014
Date of Imposition of Judgment

/s/ signature
Signature of Judge

COURT RECORDER: REBECCA GONZALEZ
U.S. ATTORNEY: MATTHEW COMAN & RICHARD PICKENS, II
PROBATION OFFICER: KELLI SINGLETON FOR TRACY COLEMAN
CASE MANAGER: SHEENA DEMAS

STANWOOD R. DUVAL, JR., U.S. DISTRICT JUDGE
Name and Title of Judge

March 12, 2014
Date

AO-245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: AARON BENNETT | Judgment — Page 2 of 6 |
| CASE NUMBER: 11-253 "K" | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

15 months. This term consists of 15 months as to each of Counts 1 & 2, such terms to run concurrently. The defendant is to be given credit for time served.

X  The court makes the following recommendations to the Bureau of Prisons:
   That the defendant be placed in a Bureau of Prisons in Pensacola, FL.

X  The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____.
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | | Judgment—Page 3 of 6 |
|---|---|---|

DEFENDANT: AARON BENNETT
CASE NUMBER: 11-253 "K"

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years. This term consists of 3 years as to each of Counts 1 & 2, such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

| | | Judgment—Page 4 of 6 |
|---|---|---|
| DEFENDANT: | AARON BENNETT | |
| CASE NUMBER: | 11-253 "K" | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

2. The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining written permission from the United States Probation Officer.

3. The defendant shall pay any fine that is imposed by this judgment.

4. The defendant shall participate in a program of testing and/or treatment for alcohol abuse, which may include breath and urine testing and residential treatment, as directed by the United States Probation Officer. The defendant shall contribute to the cost of such treatment to the extent the defendant is deemed capable by the United States Probation Officer.

5. The defendant shall perform 200 hours of unpaid community service, as directed by the United States Probation Officer.

6. The defendant shall undergo random urinalyses, as directed by the U.S. Probation Officer. If the defendant tests positive for the use of illegal narcotics, he/she may, as determined by the probation officer, participate in an approved treatment program for substance abuse and abide by all supplemental conditions of treatment, unless directed otherwise by the Court. Participation may include inpatient/outpatient treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the U. S. Probation Officer.

7. The defendant shall participate in an approved treatment program for gambling addiction. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

8. The defendant shall not enter, frequent, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved by the United States Probation Officer.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

|  |  |
|---|---|
| DEFENDANT: AARON BENNETT | Judgment — Page 5 of 6 |
| CASE NUMBER: 11-253 "K" |  |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS (Counts 1 & 2) | $ 200.00 due immediately | $ 10,000.00 due immediately | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ | $ |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X  the interest requirement is waived for the   X  fine   ☐  restitution.

   ☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| | |
|---|---|
| DEFENDANT: | AARON BENNETT |
| CASE NUMBER: | 11-253 "K" |

Judgment — Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** **X** Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or    **X** F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** **X** Special instructions regarding the payment of criminal monetary penalties:

    Fine payments shall be made to the Clerk, United States District Court, and are to be forwarded to the following address: U.S. Clerk's Office, Attn: Financial Section, 500 Poydras St., Room C151, New Orleans, LA 70130. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for enforcement of this order.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Leroy Bennett
930 Poeyfarre #220
New Orleans, La 70130

NEW ORLEANS LA 700
11 MAY 2016 PM 3 L

Attn: Honorable Stanwood Duval
USDC
500 Camp Street
New Orleans, La 70130

U.S. MARSHALS

70130-330200